UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| TRUSTEES OF THE PAVERS AND ROAD BUILDERS DISTRICT COUNCIL WELFARE, PENSION, ANNUITY AND APPRENTICESHIP, SKILL IMPROVEMENT AND SAFETY FUNDS and THE HIGHWAY, ROAD AND STREET CONSTRUCTION LABORERS LOCAL UNION 1010, <br><br>                                                    Plaintiffs, <br><br> -against- <br><br> PADILLA CONSTRUCTION SERVICES, INC., <br><br>                                                    Defendant. | 18 CV _____ <br><br> **COMPLAINT** |

Plaintiffs, by their attorneys, Virginia & Ambinder, LLP, allege as follows:

## NATURE OF THE ACTION

1.      This is a civil action brought pursuant to Sections 502(a)(3) and 515 of the Employee Retirement Income Security Act ("ERISA") of 1974, as amended, 29 U.S.C. §§ 1132(a)(3), 1145, and Section 301 of the Labor-Management Relations Act ("LMRA") of 1947, 29 U.S.C. § 185, by multiemployer welfare and pension funds through their respective Boards of Trustees, and by a labor union, to collect delinquent employer contributions to employee benefit plans and dues check-offs and other contributions that an employer was required to withhold from its employees' pay and forward to the union.

## JURISDICTION AND VENUE

2.      This Court has subject matter jurisdiction over this action pursuant to Sections 502(e)(1) and (f) and 515 of ERISA, 29 U.S.C. §§ 1132(e)(1) and (f) and 1145; Section 301 of the LMRA, 29 U.S.C. § 185; and 28 U.S.C. § 1331.

3.      Venue is proper in this district pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2), and Section 301 of the LMRA, 29 U.S.C. § 185.

## THE PARTIES

4. Plaintiffs Trustees of the Pavers and Road Builders District Council Welfare, Pension, Annuity and Apprenticeship, Skill Improvement and Safety Funds (the "Funds") are employer and employee trustees of multiemployer labor-management trust funds organized and operated in accordance with Section 302(c) of the LMRA, 29 U.S.C. § 186(c). The Funds are employee benefit plans within the meaning of Section 3(3) of ERISA, 29 U.S.C. § 1002(3), and are administered at 17-20 Whitestone Expressway, Suite 200, Whitestone, New York 11357.

5. Plaintiff the Highway, Road and Street Construction Laborers Local Union 1010 (the "Union") is a labor organization within the meaning of Section 301 of the LMRA, 29 U.S.C. § 185, and represents employees in an industry affecting commerce as defined in Section 502 of the LMRA, 29 U.S.C. § 142, and Section 3(4) of ERISA, 29 U.S.C. § 1002(4). The Union maintains its principal place of business at 17-20 Whitestone Expressway, Suite 200, Whitestone, New York 11357.

6. Upon information and belief, defendant Padilla Construction Services, Inc. ("Padilla") is a corporation incorporated under the laws of the State of New York, with its principal place of business at 5 Pen Mor Drive, Muttontown, New York 11732, engaged in the construction business.

## FACTS

**The Collective Bargaining Agreement**

7. At relevant times herein, Padilla was a party to, or manifested an intention to be bound by, a collective bargaining agreement (the "CBA") with the Union.

8. The CBA requires Padilla to contribute to the Funds and related entities on behalf of which they act as collection agents on or before the 35th day after the close of a calendar month

in amounts determined by multiplying specified hourly contribution rates by the number of hours of employment of Padilla employees within the trade and geographical jurisdiction of the Union ("Covered Work").

9. The CBA further provides that Padilla must forward specified dues check-offs and other contributions to the Union for each hour of Covered Work performed by Padilla's employees.

10. Pursuant to the CBA, if an employer fails to pay fringe benefits when due, the employer is liable to the Funds for interest on the amount of unpaid fringe benefits at an annual rate of 10%.

11. Pursuant to the CBA, in the event the Funds are required to employ an attorney to collect the fringe benefits due and owing, Padilla is obligated to pay to the Funds its attorneys' fees.

12. The CBA provides, *inter alia*, "The Employer is bound by all of the terms and conditions of the Agreements and Declarations of Trust with respect to the Welfare Fund, Pension Fund, Training Fund and Annuity Fund, which Agreements and Declaration of Trusts are hereby made part of this Agreement and are incorporated herein."

13. The Trust Agreements provide that in operating and administering the Funds, the Board of Trustees shall have the power to "establish the policy and rules pursuant to which this Agreement and Plan are to be operated and administered, including the rules relating to the collection of contributions and other payments."

14. Pursuant to the Trust Agreements, the Trustees of the Funds have promulgated a Policy for Collection of Delinquent Fringe Benefit Contributions ("Collection Policy"). Accordingly, Padilla is bound to the terms of the Collection Policy.

15. Article II of the Collection Policy provides that if Padilla fails to make contributions when due, Padilla is liable to the Funds for interest on the amount of unpaid fringe benefits at an annual rate of 10% and liquidated damages of 10% of the amount of the unpaid contributions.

16. Section 301 of the LMRA, 29 U.S.C. § 185, authorizes this Court to enforce the CBA. In addition, Section 515 of ERISA provides that "[e]very employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement." 29 U.S.C. § 1145.

**The Audit & Delinquent Contributions**

17. The CBA requires Padilla to comply with a payroll audit to confirm it is complying with its obligations under the CBA.

18. Pursuant to the CBA, the Funds conducted an audit of Padilla covering the period April 1, 2014 through March 31, 2017 (the "Audit").

19. The Audit contains a principal deficiency of $34,808.07, union assessments in the amount of $1,751.38, and dues check offs to the Union in the amount of $1,129.45.

20. The CBA provides that if the Funds conduct an audit which reveals delinquent contributions, the employer is liable for the cost of the audit. Accordingly, Padilla is liable for audit costs in the amount of $3,008.

21. Despite a demand for payment, the amounts revealed to be due and owing by the Audit remain outstanding.

22. Padilla also owed unreported contributions for May 2018 and interest on late payment of contributions for February and March 2018 in the amount of $1,277.43.

-4-

**FIRST CLAIM FOR RELIEF AGAINST PADILLA**
*Unpaid Contributions Under 29 U.S.C. § 1145*

23. Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

24. Section 515 of ERISA provides that employers "obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall … make such contributions in accordance with the terms and conditions of such plan or such agreement." 29 U.S.C. § 1145.

25. The CBA requires that Padilla make contributions to Plaintiffs for all Covered Work it performed.

26. Pursuant to the Audit, Padilla owes contributions in the amount of $34,808.07, union assessments of $1,751.38, and dues check offs of $1,129.45.

27. Padilla also owed unreported contributions for work performed May 2018 and interest on the late payment of contributions for February and March 2018.

28. Pursuant to the CBA, the documents and instruments governing the Funds, and sections 502(a)(3), (g)(2) and 515 of ERISA, 29 U.S.C. §§ 1132(a)(3), (g)(2) and 1145, Padilla is liable to the Plaintiffs for: (1) delinquent contributions revealed by the Audit of $34,808.07, union assessments of $1,751.38, union dues of $1,129.45, (2) contributions and union assessments in an unknown amount for work performed May 2018, (3) interest on the delinquent contributions at an annual rate of ten percent (10%), (4) liquidated damages in the amount of ten percent (10%) of the delinquent contributions adjudged to be due and owing; (5) interest on late payment of contributions for February and March 2018 of $1,277.43, (6) reasonable attorneys' fees, audit fees, and collection costs incurred by Plaintiffs in this action; and (7) such other legal or equitable relief as the Court deems appropriate.

## SECOND CLAIM FOR RELIEF AGAINST PADILLA

*Violation of Collective Bargaining Agreement Under 29 U.S.C. § 185*

29. Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

30. Section 301 of the LMRA, 29 U.S.C. § 185, authorizes the Funds, as third-party beneficiaries of the CBA, to file a federal lawsuit regarding an employer's violation of that CBA.

31. Padilla violated the terms of the CBA when it failed to timely remit contributions due and owing for Covered Work revealed by the Audit for the period April 1, 2014 through March 31, 2017.

32. As a result of Padilla's violation, Plaintiffs are entitled to damages and other equitable relief pursuant to section 301 of the LMRA, 29 U.S.C. § 185.

**WHEREFORE**, Plaintiffs respectfully request that this Court:

(1) Award judgment in favor of the Plaintiffs and against Padilla for its failure to timely pay Plaintiffs all contributions and dues check offs owed for April 1, 2014 through March 31, 2017, as required by the CBA;

(2) Order Padilla to pay Plaintiffs delinquent contributions revealed by the Audit of $34,808.07, union assessments of $1,751.38, and dues check offs of $1,129.45, contributions and union assessments in an amount to be determined at trial for May 2018, interest on the delinquent contributions at an annual rate of 10%, liquidated damages in the amount of 10% of the delinquent contributions adjudged to be due and owing, audit fees in the amount of $3,008, interest on late payment of contributions for February and March 2018, attorneys' fees, and collection costs incurred by the Plaintiffs;

(3) Grant such other and further relief as the Court may deem just and proper.

Dated: New York, New York
      July 25, 2018

                       VIRGINIA & AMBINDER, LLP

                       By:   /s/
                          Charles Virginia
                          Nicole Marimon
                          40 Broad Street, 7th Floor
                          New York, New York 10004
                          (212) 943-9080
                          *Attorneys for Plaintiffs*